# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-00059-FDW

| | |
|---|---|
| SAMUEL R. JACKSON,         ) | |
| )  | |
| **Plaintiff,**         ) | |
| )  | |
| v.                     ) | |
| )                      | **ORDER** |
| )  | |
| HUBERT CORPENING,      ) | |
| FRANK W. LABORE,       ) | |
| )  | |
| **Defendants.**        ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

## I.    BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and is presently incarcerated in the Marion Correctional Institution within this District. In his complaint, Plaintiff alleges that on February 4th of this year, he was transferred from Central Prison to Marion Correctional because of an "impeding lawsuit against Central Prison." Prior to his transfer, Plaintiff was participating in physical therapy and his physical therapist stated that he would make an appointment with a surgeon so that Plaintiff could have his cranial and spinal pain evaluated.

Plaintiff contends that he is not able to obtain the same level of treatment at Marion Correctional because there is no physical therapy and no surgeon available. Plaintiff complained to Defendant Dr. Labore about this but "to no avail." Plaintiff was informed that an MRI had been scheduled while he was housed in Central Prison, but Plaintiff claims this an unnecessary

1

procedure. Plaintiff complains that despite his best efforts he has been unable to secure the necessary medical treatment and is suffering and will continue to suffer irreparable harm.[1]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff sets forth a claim under the Eighth Amendment based on his contention that the defendants have been deliberately indifferent to his serious medical needs in failing to ensure that he is receiving physical therapy and appropriate treatment for the pain in his spine and his head.[2]

---

[1] The allegations in the complaint are accepted as true in this initial review.

[2] Plaintiff identifies Hubert Corpening as the acting superintendent of Marion Correctional. Because Plaintiff has failed to allege any actions, or omissions, on the part of Defendant Corpening, his claim necessarily relies on a theory of liability based on the doctrine of respondeat superior and it must therefore fail. See Monell v. Dep't of Soc. Svcs., 436 U.S. 658, 694 (1978). Based on the foregoing, the complaint against Defendant Corpening will be dismissed for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

In Farmer v. Brennan, the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984) (internal citations omitted). To establish an Eighth Amendment claim, a prisoner must demonstrate (1) that the deprivation was objectively, sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. Id. at 834 (internal quotations marks and citations omitted). See also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Furthermore, "[d]eliberate indifference requires that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious medical need for medical care." Young v. City of Mt. Rainer, 238 F.3d 567, 575 (4th Cir. 2001). Put another way, there is no constitutional violation and hence no liability unless the prisoner can show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 576 (quoting Farmer, 511 U.S. at 837). Finally, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Id. at 575 (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Plaintiff participated in the North Carolina Department of Public Safety's mandatory grievance procedure.[3] In his First-Step grievance, Plaintiff largely includes the allegations that he presents in his complaint. In the Step-One response which is dated February 28, 2015, Toni Banks,

---

[3] In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

3

who is the assistant manager of H-Unit, states that W. Ward, a registered nurse, reported that an MRI had been approved and Plaintiff would be contacted by medical to schedule the procedure. Toni Banks also responds that a review of Plaintiff's chart was conducted on February 18, 2015, to consider physical therapy, and that Plaintiff was currently being treated for pain with "Mobic 15 mg daily, Elavil 100 mg at bedtime and Tylenol 650 mg as needed for pain/discomfort. No further action is recommended."[4] In the Step Two response, the grievance examiner found that Plaintiff's complaints had been properly responded to and that no further action was recommended. Plaintiff did not submit his Step-Three response but he did submit a statement that he exhausted his administrative remedies which is executed under penalty of perjury. (1:15-cv-00059, Doc. No. 5 at 1-2, Doc. No. 6).

Plaintiff appears to allege that Defendant Labore has been deliberately indifferent to his serious medical needs or negligent in his medical treatment, however the only allegation in the complaint that refers to Dr. Labore states that Plaintiff "verbally complained to Dr. Labore to no avail." (Id., Doc. No. 1 at 4). Plaintiff was informed in the Step-One response that an MRI would be scheduled – although it is unclear from the complaint whether Dr. Labore informed him of this fact. Nevertheless, Plaintiff indicates that an MRI was scheduled and he complains that the MRI is an unnecessary procedure because he has already undergone two MRI's and has been properly diagnosed. (Id.).

The Constitution does not guarantee a prisoner the treatment of his choice. See Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) (internal citation omitted). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless

---

[4] The Court finds that consideration of Plaintiff's written grievance, and the responses thereto, is proper in this case as they are filed by Plaintiff and there appears to be no question that they are authentic and integral to a review of the allegations in this case. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

4

exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (internal citation omitted). "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011) (quoting Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977)). It is Plaintiff's burden to demonstrate that Dr. Labore was deliberately indifferent and that his action, or omission "constitutes the 'unnecessary and wanton infliction of pain'" Estelle, 429 U.S. at 104 (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)

After considering the record before the Court, it appears that an MRI was scheduled for Plaintiff and he was receiving medication to assist him with any pain and his medical chart was reviewed for possible physical therapy. What Plaintiff has presented in his complaint and the attached documents is simply a disagreement over the course and pace of his medical care and while Plaintiff may have determined that he would benefit from ongoing physical therapy or an appointment with a surgeon, his own allegations demonstrate that he has been evaluated by medical staff at Marion Correctional and an MRI was scheduled, he was receiving medicine to address his pain, and he was evaluated for possible physical therapy.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment with regard to the allegations against Defendant Labore and the complaint will be dismissed.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed without prepayment of fees or costs is **ALLOWED**. (Doc. No. 2).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 15, 2015

Frank D. Whitney
Chief United States District Judge